UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF ALAN JAY RICH                )        CHAPTER 13

                                              )        CASE NO.    13-51128

        DEBTOR(S)                             )        DATE:       04/16/14


FOURTH AMENDED CHAPTER 13 PLAN

1. The debtor(s) submits all or such portion of his, her, or their future income to the control of the Trustee as is necessary for the execution of the plan. The debtor(s) or debtor's employer shall pay to the Trustee the sum of $211.58 each month, for 38 months.

   a. Adequate Protection Payments: In the event this plan proposes to pay the balance of a loan secured by the debtor's personal property; then prior to the confirmation of this plan, the debtor must make monthly adequate protection payments directly to the creditor holding the secured claim. Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan. If applicable the post-petition, pre-confirmation adequate protection payment shall be each month, paid to:

      i. Not Applicable

   b. Domestic Support Obligation: The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. §101(14A), outside of the plan as directed by any and all applicable state and/or federal court orders.

2. From the payments so received, the Trustee shall make disbursements as follows:

a.   PRIORITY CLAIMS: All claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. § 1322(a)(2)and (a)( 4).

   i.   Not Applicable

b.   SECURED CLAIMS: Subsequent to the above payments, payments to secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

   i.   $3,136.66 to Suntrust Mortgage Inc. + 0%

c.   SECURED DEBTS / CRAM DOWN: The following secured claims have been deemed unsecured pursuant to a bankruptcy court order dated 02/27/14 pursuant to 11 U.S.C. §506(a):

   i.   PNC Bank / Home Eq. Loan / Vol. 09124 / Pg. 0169 / Rec. 08/24/07

d.   SECURED DEBTS / CURRENT PAYMENTS: The debtor(s) shall continue to pay current mortgage payments, current real estate taxes, and current automobile loan payments outside of the plan directly to the creditors.

e.   GENERAL UNSECURED CLAIMS: Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

f.   General unsecured claims, (including the foregoing secured claims which are being treated as unsecured claims by virtue of 11 U.S.C. §506(a) or §522(f), shall be paid not less than $2,199.30. If the debtor's estate is found to be solvent general unsecured claims, which are not tax claims, shall be paid 100% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

    g.   No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all general unsecured claims, is $98,260.20.

3.   The following executory contracts of the debtor(s) are rejected: (None)

4.   Other terms of the plan: All non-exempt proceeds (if any) from any cause of action shall be paid into the plan as an additional dividend to unsecured creditors.

5.   In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6.   With respect to each allowed secured claim:

    a.   The holder of such claim retain the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

    b.   If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

    c.   The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7.   Payments to the Trustee shall be made in installments conforming to the debtor's payment periods over a period of 38 months in such amounts as may be required to

provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtor's total plan payments to the Trustee shall be not less than $8,040.04.

8. Title to the debtor's property shall re-vest in the debtor(s) after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The Debtor(s) are represented on an hourly basis.  Counsel's fees conform with the amount(s) reflected in the Disclosure of Attorney Compensation (as the same may be amended, from time to time).  The unpaid balance of the debtor's attorney's fees (if any) and/or future additional fees, as may accrue, shall be paid outside of the plan pursuant to supplemental request for compensation or, if to be paid within the plan, in accord with a plan amendment.  Attorney's fees (actual and/or estimated) to be paid inside the plan thru and to include the confirmation hearing are $1,900.00 or such lesser amount as may be recited on any subsequent Amended Disclosure of Compensation filed prior to plan confirmation.

10. Questions regarding this plan should be directed to the attorney for the debtor(s).


/s/ Alan Jay Rich                                   Date:   04/16/2014
Debtor

Date: 04/16/2014

*/s/ Zenas Zelotes, Esq.*
_____
Zenas Zelotes, Esq. / Fed. Bar No. ct23001 / 217 Fairway Lane / Butler PA 16002
Tel: (860) 449-0710 / Fax: (866) 475-6785 / WhiteCollarBankruptcy@Gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN THE MATTER OF ALAN JAY RICH | ) | CHAPTER 13 |
| | ) | CASE NO.    13-51128 |
| DEBTOR(S) | ) | DATE:    04/16/14 |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on or before April 16, 2014, and in accord with applicable law, I served a copy of the foregoing FOURTH AMENDED PLAN via ECF as follows:

Gerald A. Gordon on behalf of Creditor SunTrust Mortgage, Inc.
ggordon@huntleibert.com

Linda St. Pierre on behalf of Creditor SunTrust Mortgage, Inc.
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Molly T. Whiton
mtwhiton@mtwhiton.com

Zenas Zelotes, Esq. on behalf of Debtor Alan Jay Rich
WhiteCollarBankruptcy@gmail.com

**And via USPS First Class mail upon:**

GE Capital Retail Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

*And Upon:* **All Claim Holders** (**Attn: President**) at Address Listed on Claims

*/s/ Zenas Zelotes, Esq.*

_____
Zenas Zelotes, Esq. // Fed. Bar No. ct23001
Zelotes Law Offices // 217 Fairway Lane // Butler PA 16002
T (860) 449-0710 // F: (866) 475-6785 // E: WhiteCollarBankruptcy.com